# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    CASE NO. 5:21-cr-54-JA-PRL

**KENYARI DEVAUGHNTE BREWTON**

## MEMORANDUM ORDER

This Memorandum Order is entered to explain my below-the-guidelines variance in sentencing Kenyari D. Brewton. Mr. Brewton entered pleas of guilty to Making a Materially False Statement During the Purchase of a Firearm (18 U.S.C. § 922(a)(6)) and Causing a Federal Firearms License to Maintain False Information in its Official Records (18 U.S.C. § 924(a)(1)(A)). I imposed a sentence of concurrent terms of imprisonment of time served followed by concurrent terms of supervised release of one and three years, respectively. As a condition of supervised release, I ordered Mr. Brewton to work every weekend for one year at the Brevard County Sheriff's Farm. The Government objected to the sentence as being unreasonable.

The Government's objection referred to the advisory guidelines sentencing range of 12 to 18 months and the fact that Mr. Brewton had served only 8 days in pretrial custody. Because the Government objected, I deem it necessary to explain in detail the variance from the guidelines range.

Mr. Brewton is 27 years old. He was raised by his mother, who, like his stepmother, was a career law enforcement officer. Although he grew up in a rough neighborhood, he did well in school, keeping an eye on his goal of also becoming a law enforcement officer. He graduated from high school with high honors and scored highly on standardized tests. He was also engaged in school activities, including football and wrestling. He is gifted in math, and he tutored other football players. By the time he graduated, he had recorded more than 2000 community service hours.

Upon graduating from high school, Mr. Brewton enrolled at the College of Central Florida and later the Marion County Correctional Officer Academy. Eventually, he achieved his goal of becoming a correctional officer for Marion County, a position he held until becoming a detention officer for Alachua County. Mr. Brewton was working for Alachua County when he was arrested in this case. In addition to his career, Mr. Brewton worked various other jobs during his time off. Until the events leading to his arrest, he appears to have been a model citizen.

While on presentence release, Mr. Brewton made good use of his time. He enrolled in a commercial driver's license (CDL) course at Marion County Technical College on March 18, 2022. When he appeared for the first sentencing hearing, I intended to impose a term of incarceration within the guidelines. But I learned that the CDL course was ongoing and that Mr. Brewton had prepaid

his tuition. Because I did not want him to forfeit his tuition, and because I thought that completion of the course would result in his becoming more employable upon release from prison, I continued the hearing to allow him to complete the course.

By the time the sentencing hearing resumed on May 20, Mr. Brewton had completed the CDL course—finishing at the top of his class—and had three pending job offers. The sentence I had intended to impose was one year plus one day of imprisonment with a condition that six months of the sentence be served on home detention. This would have been a sentence within the guidelines and the sentence I believed most appropriate considering all factors contained in 18 U.S.C. § 3553(a)(1)-(7). But during the hearing, the Probation Office advised that it cannot supervise professional drivers on home confinement. Thus, that sentencing option was not available.

In arriving at what I believe is the most reasonable sentence available, I considered the nature and circumstances of Mr. Brewton's crimes. They are serious crimes and do not weigh in favor of leniency. The offenses were not spontaneous—he sold at least ten firearms over a six-month period. And some of the firearms had no legitimate purpose. Absent other factors, a sentence of incarceration would be required to address the seriousness of Mr. Brewton's conduct and to promote respect for the law.

But Defendant's history and characteristics do weigh in favor of leniency. As noted above, Mr. Brewton has overcome obstacles, and but for these offenses, he has succeeded. Even when confronted with a term of imprisonment, he continued to better himself. He has a good education and work history, as well as the support of a loving family. All indications are that he will continue to have stable employment. Importantly, it is my belief that Mr. Brewton will not commit crimes in the future and that he does not pose a threat to public safety.

Although a downward variance, the sentence imposed is punitive. Mr. Brewton will be required to work weekends for one year at the Brevard County Sheriff's Farm. While being a convicted felon does not significantly alter many defendants who appear in federal court, that is not the case for Mr. Brewton. His goal of following his family in the field of law enforcement is now foreclosed, and he suffers from the stigma of being a convicted felon. For him, the conviction itself is meaningful punishment.

For these reasons, I have varied from the sentencing guidelines range. In doing so, I have carefully considered the law, the arguments of counsel, the PSR, the Probation Office's recommendation, and the advisory guidelines. Each case and each defendant are unique; sentencing is not a cookie-cutter operation.

While the sentence imposed is not perfect, it is reasonable given all the circumstances.

**DONE** and **ORDERED** in Orlando, Florida, on May 23, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Kenyari Devaughnte Brewton

5